## A. D. BUTLER v. J. B. DANIEL ET AL.

Decided November 25, 1899.

**State School Land—Purchase of Additional Grazing Land Not Fraudulent, When.**

Where one who had bought and was residing upon a section of State school land purchased an additional section as allowed by the Act of 1897, the facts that he so purchased it through an agent, and that, it being nine miles away from his home section, he afterwards sold it to the agent and bought from the State three other sections (the full limit) nearer home, do not of themselves stamp with fraud such purchase of the first additional section and its subsequent transfer, so as to constitute an abandonment of that purchase and land rendering the section liable to actual settlement and purchase from the State by another.

APPEAL from Collingsworth. Tried below before Hon. G. A. BROWN.

Plemons & Veal and W. M. Pardue, for appellant.

Stovall Johnson, J. K. Duke, and H. E. Deaver, for appellees.

CONNER, CHIEF JUSTICE.—This contest involves four sections of school land situated in Collingsworth County, for which appellant sued

in the ordinary form of trespass to try title. It is conceded that appellant's right, if any, is dependent upon his asserted right to section 48, block 19, Houston & Great Northern Railroad Company surveys, this survey being claimed by him as his home section by virtue of his application to purchase and actual settlement thereon, the remaining sections being claimed as additional lands the acquisition of which is permitted under the Act of 1897, and to purchase which he had made due application.

The case is almost exclusively one of fact, in which the trial court found against appellant, and we are now called upon to review such action and the result given thereto.

The facts relating to the title to said section 48 are as follows:

On April 28, 1894, appellee W. L. Stephens duly applied to purchase section No. 6, block 20, Houston & Great Northern Railroad Company surveys in Hall County, Texas, he then, as ever since, being an actual settler thereon. The same was duly awarded to him by the Commissioner of the General Land Office on May 25, 1894, Stephens having made the first payment and executed the obligation required by law, and he has since made all payments thereon required by law, and on July 31, 1897, made due proof of three years actual occupancy as so required.

On January 18, 1896, said Stephens made due application to purchase said section 48 as additional lands permitted by the Act of 1895. Stephens at this time owned no other lands, save his said home section No. 6, and upon compliance with the law was entitled to purchase said section 48, it then being unoccupied and unappropriated school land, subject to sale under the Act of 1895, and the same was duly awarded to him on February 21, 1896.

Stephens afterwards made all payments required by law on said section 48 until on August 12, 1897, when he duly conveyed same to J. T. Daniel, and he in turn duly conveyed the same to appellee J. B. Daniel on July 15, 1898. The regularity of each and all of the aforesaid purchases and conveyances is in nowise questioned, except in the particular hereinafter mentioned.

Appellant's claim to said section 48 had its inception on August 20, 1897, when he moved from said section 48, then not actually occupied by any one as an actual settler, with intent to make it his home, but with full notice, however, of the purchases and transfers hereinbefore mentioned. On the 26th of that month he made application to purchase the same as an actual settler. This application is in due form, was accompanied with due affidavit of settlement, obligation, and first payment as required by the law of 1897, and was duly filed in the General Land Office, but was rejected September, 24, 1898.

It is insisted that the transfer from Stephens to J. T. Daniel and from J. T. Daniel to appellee J. B. Daniel was, in effect, fraudulent and void, and that the transfer by Stephens to J. T. Daniel on August 12, 1897, constituted an abandonment of said section 48 by Stephens, and that it

therefore became subject to sale.   Hence the settlement and application to purchase as before stated.

Appellant's contention is predicated upon the following facts alone, to wit:   ·

In the original purchase of said section 48 by Stephens, J. B. Daniel acted as his agent in procuring the same.   This section was situated in Collingsworth County, some nine miles from Stephens' home section, and had never been used by him.   A short time before the Act of 1897 took effect, appellee J. B. Daniel approached Stephens and stated that he wanted to purchase said section 48 for his brother J. T. Daniel.

Stephens testifies that he had never used this section, and that he wanted to get land nearer that he could use, and accordingly executed said conveyance of August 12, 1897, to J. T. Daniel, and afterwards, on August 20, 1897, Stephens applied to purchase three other sections not herein involved, and nearer to him, as additional to his home section, and which were afterwards awarded to him.   J. B. Daniel also acted for Stephens in these last purchases, charging for his services $134, which, together with an account for other services and cash, was received by Stephens as the consideration of $320 recited as the consideration in the deed from Stephens to J. T. Daniel, the latter not in fact paying anything.   It also appears that J. B. Daniel at the time of the conveyance to J. T. Daniel knew Stephens' purpose was to procure additional lands nearer to him, and inferentially, that he then, as part of the consideration therefor, agreed to assist said Stephens in securing such additional lands.

We think this evidence too inconclusive in its nature to support appellant's contention.   On the contrary, we are of opinion that the evidence fully sustains the trial court's conclusion that at the time of appellant's settlement or attempted settlement and application to purchase section 48, it was not subject to sale.   We find nothing in the record that would authorize the inference that the original purchase of section 48 by Stephens was for any other person or not done in good faith.   We think it must be held that upon compliance with the act under which he purchased, and about which no question appears in the record, the right to the land passed to him, and that it then became "appropriated" and not subject to further sale by the State until legal divestiture of the right or title so acquired by Stephens.   This right by mesne conveyances duly descended to J. B. Daniel, he and J. T. Daniel having duly paid all sums of money due the State since their said purchases.

If, as insisted, Stephens' intent and act, participated in by appellee J. B. Daniel, in acquiring three additional sections nearer to him, was unlawful, it could affect the right and title to such sections alone, and they are not involved in this suit.   We fail to see in what way it could affect the title to section 48.

In view of this conclusion, it becomes unnecessary to review the action of the court in his conclusion that appellant after his said settlement and application to purchase had abandoned section 48.   It also becomes

unnecessary to consider the questions relating to the right and title to the remaining three sections of land claimed by him, as his title thereto must necessarily fall with his title to said section 48.

No error appearing in the record, the judgment below is in all things affirmed.

*Affirmed.*